**FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO**

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

APR 1 3 2016

MATTHEW J. DYKMAN
CLERK

In the Matter of the Search of            )
*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*     )   Case No. 16mr276
Blue 2009 Chrysler 300, New Mexico License Plate  )
234-TAX, VIN: 2C3KA43D99H612545                   )
                                                  )
                                                  )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of ____New Mexico____ *(identify the person or describe property to be searched and give its location):*   Blue 2009 Chrysler 300, New Mexico License Plate 234-TAX, VIN: 2C3KA43D99H612545 located in Albuquerque, New Mexico

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:   SEE ATTACHMENT A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § ___841(a)(1)___, and the application is based on these facts:   See Attached

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Victor Hernandez, ATF/TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   04/13/2016

*Judge's signature*

City and state:   Albuquerque, NM       Laura Fashing, U.S. Magistrate Judge
*Printed name and title*

# **Attachment A**

**DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED**

1. Illegal Narcotics, ledgers, packaging materials, scales, narcotics paraphernalia or items of evidentiary value indicative of narcotics distribution and/or use.

2. Firearms, ammunition, and any documents indicating the possession, sale, receipt, purchase or barter for items in exchange for firearms or property, specifically ammunition packaging, containers, labels, receipts, and other items pertaining to the possession of firearms, including gun cases, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs of firearms or of persons in possession of firearms, and receipts for the purchase and/or repair of all these items.

3. Records and documents which reflect the sale, trade, pawn, receipt or disposition of any firearm, buyer lists, seller lists, books reflecting the value of firearms and or notes, cryptic or otherwise, pay-owe sheets, records of sales, log books, ledgers, documents and photographs which reflect relationships between identified and/or unidentified co-conspirators to include personal telephone/address books, including electronic organizers and rolodexes, and financial instruments such as pre-pay and/or bank debit cards, credit cards, checkbooks, and any other financial instrument used to purchase goods and services, to include bulk amount of US and foreign currencies.

4. Records that establish the persons who have control, possession, custody or dominion over the property.

5. Records also include audio recordings, video recordings, memoranda, correspondence, diaries, maps, notes, address books, day planners, calendars, appointment books, newspaper clippings, articles, books, storage agreements and bills, storage locker keys, asset ownership records, journals, ledgers, financials, budgets, proposals, plans, contracts, agreements, bills of sale, delivery records, invoices, receipts, documentation of conveyances, deeds, and other papers. These records may be in many forms such as paper, electronic, or in code.

6. Documents and manuals that depict or instruct on subjects such as vehicle concealment, smuggling and federal firearms and narcotics laws.

7. Safes, strong boxes, and/or other secure receptacles for the maintenance of valuable items, firearms and/or documents including books, records, and any keys or other evidence of the existence and usage of any lockers, safety deposit boxes or other secure receptacles situated elsewhere than at defendant's property.

## AFFIDAVIT FOR SEARCH WARRANT

1. Victor Hernandez, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF&E), being duly sworn, deposes and states:

2. Your Affiant is a full time salaried sworn law enforcement officer with the Albuquerque Police Department, and have been so for almost 12 years.

3. Approximately one of those years has been spent on the investigation of federal felony crimes. Part of your Affiant's duties for the past one year has included being a Task Force Officer for the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives.

4. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Titles 18 and 26, United States Code.

5. In this capacity your Affiant routinely investigates violations of federal criminal statutes, to include violation of federal firearms crimes, federal drug trafficking crimes, and has specifically investigated violations related to subjects who are found to be in possession of illegal and/or altered firearms and/or controlled substances. Your Affiant requests that a Search Warrant be issued for the above described vehicle based on the following information, which your Affiant believes to be true and accurate.

6. The statements contained in this affidavit are based, in part, on information provided by Special Agents and Task Force officers of the ATF&E and other law enforcement

1

officers; on conversations held with police officers; and on my background and experience as a Task Force Officer of the ATF&E.

## PROBABLE CAUSE

7. On April 6, 2016 at approximately 1146 hours, Albuquerque Police Department Officers C. Holmes # 3198 and T. Rosenberg # 5688 were flagged down by a maintenance man at 2600 Americare Ct. NW, Albuquerque, New Mexico.

8. They were informed that a blue, Chrysler 300, bearing New Mexico license plate 234-TAX, parked on the west side of the apartment complex had been idling since approximately 0800 hours on this date and that there was a male subject inside the vehicle.

9. Officers Holmes and Rosenberg located the vehicle on the west side of the apartment complex and the vehicle was still idling. They saw the driver's side window was rolled down completely, the front passenger side window was rolled down approximately half way, and they saw a male subject laying in the driver's seat.

10. Officer Holmes approached the vehicle on the passenger side, as Officer Rosenberg approached the vehicle on the driver's side. As Officer Holmes looked into the vehicle from the open passenger window, he observed a handgun on the lap of the male subject laying in the driver's seat of the vehicle. Officer Holmes alerted Officer Rosenberg of what he saw. They unholstered their duty weapons and stepped back from the vehicle.

11. Officer Rosenberg began giving verbal commands to the male subject inside the vehicle to place his hands in the air and place them outside the open driver's side window. The male subject did comply with the verbal commands. Once the male subject exited the vehicle, he was detained by officers pending investigation.

12. Officer Holmes explained to the male subject the reason for his detention and their investigation. Officer Holmes explained to the male subject he had observed a firearm on his lap when they approached the vehicle. The male subject denied that he was ever in possession of a firearm. Officer Holmes asked for permission to search from the male subject and was given permission.

13. Officer Holmes approached the open driver's side door and observed a black in color firearm in a holster, lying on the floorboard of the driver's side of the vehicle.

14. Officer Holmes also observed a glass pipe on the driver's seat of the vehicle, as well as a metal pipe on top of a cup in the center console of the vehicle. Based on Officer Holmes' training and experience, he recognized these items are commonly used to smoke crack cocaine.

15. Officer Holmes further observed a plastic baggie in the center console that appeared to have a white substance inside, and a large plastic bag that was sitting inside of the open driver's side door that appeared to contain an unknown quantity of smaller baggies inside.

16. Officer Holmes retrieved the firearm from inside the vehicle to make it safe. As Officer Holmes cleared the firearm of ammunition, he found that one (1) round was inside the chamber and another eight (8) rounds were inside the magazine.

Officer Holmes attempted to read the serial number of the firearm, but discovered that it had been obliterated from the firearm.

17. Officers during their investigation learned that the vehicle, bearing New Mexico license plate 234-TAX, was registered through the New Mexico Department of Motor Vehicles to a Miguel OTERO and Irene I Herrera-OTERO, of 2604 Los Compadres NW Albuquerque, New Mexico. The male subject detained was identified as Miguel OTERO, DOB: XX/XX/1982, as confirmed by law enforcement databases.

18. Officers also learned that OTERO was wanted on an outstanding warrant for his arrest out of the Metropolitan Court of Bernalillo County, State of New Mexico. OTERO was placed under arrest upon confirmation of the arrest warrant.

19. Based on your Affiant's training and experience, your Affiant knows that individuals who sell significant quantities of narcotics are frequently armed with firearms for protection against others attempting to rob the drug dealer of a quantity of cash and/or narcotics. Your Affiant also knows that individuals who sell narcotics frequently arm themselves with firearms to intimidate others and deter others from attempting to rob them of their cash and/or narcotics. Your Affiant also knows that individuals who sell narcotics frequently possess firearms in the event the drug dealer is required to collect debt from other drug users and traffickers who have been supplied narcotics but failed to pay the negotiated price for the narcotics.

20. Furthermore, it should be noted OTERO has a significant criminal history to include multiple narcotics trafficking arrests and violent felony convictions.

OTERO's significant criminal history suggests OTERO's previous convictions have not deterred OTERO from illegal narcotics activity.

21. Based on the above facts, your Affiant respectfully requests permission to search the blue, 2009 Chrysler 300, bearing New Mexico license plate number 234-TAX with Vehicle Identification Number (VIN) 2C3KA43D99H612545, located at TNC Recovery Impound Lot, 5150 Edith Blvd. NE # G in Albuquerque, New Mexico, for evidence of violations of Title 21 U.S.C. §841(a)(1) and Title 18 U.S.C. § 922.

22. Affiant will be searching for items listed in Attachment A.

Respectfully submitted,

Victor Hernandez
Task Force Officer
ATF&E

Subscribed and sworn to before me
on April 13, 2016:

UNITED STATES MAGISTRATE JUDGE